IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LANE B. BAXTER,

    Petitioner,        ORDER

v.               09-cv-0191-bbc

JUDY P. SMITH, Warden,
Oshkosh Correctional Institution,

    Respondent.

---

  Petitioner Lane B. Baxter, currently incarcerated at Oshkosh Correctional Institution, has filed a document styled as a petition for a "writ of error coram nobis." In the petition, petitioner contends that his 1992 and 1999 state court convictions for sexual assault are invalid because the statutes he was charged with violating are unconstitutional. He has paid the $5 filing fee.

  This is petitioner's sixth attempt to challenge the lawfulness of his 1992 and 1999 convictions. Baxter v. Smith, No. 07-1925 (7th Cir. Apr. 30, 2007) (documenting petitioner's litigation history and fining him $500 as sanction for frivolous submissions). Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a successive application for habeas relief in the district court unless he first obtains authorization to do so from the court of appeals. Petitioner has not obtained this authorization. Accordingly, his petition must be dismissed for lack of jurisdiction.

Petitioner cannot avoid § 2244(b)(3)(A) by characterizing his petition as a request for coram nobis. As the court of appeals explained in Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000):

> [E]very collateral attack by a state prisoner on a final judgment of conviction necessarily depends on § 2254. It is not possible to escape its limitations by citing some other statute.

Further, "writs in the nature of coram nobis are limited to *former* prisoners who seek to escape the collateral civil consequences of wrongful conviction." Id. (citations omitted; emphasis in original). Because petitioner is still in custody, he is restricted to looking to § 2254 for relief. Id.

ORDER

Petitioner Lane Baxter's petition for a "writ of error coram nobis" is DISMISSED for lack of jurisdiction. In order to file his petition in this court, petitioner must obtain prior authorization from the court of appeals in accordance with 28 U.S.C. § 2244(b)(3)(A).

Entered this 29th day of April, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge