IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LANE B. BAXTER,

            Petitioner,                      ORDER

     v.                                     09-cv-0191-bbc

JUDY P. SMITH, Warden,
Oshkosh Correctional Institution,

            Respondent.

---

On April 29, 2009, this court entered an order dismissing petitioner Lane B. Baxter's petition for a "writ of error coram nobis" on the ground that it was an unauthorized successive collateral attack. Petitioner has now filed a notice of appeal.

Under 28 U.S.C. § 2253(c)(1)(A), a petitioner may not appeal from a final order in a habeas corpus proceeding unless a judge issues a certificate of appealability. A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000); see also 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)). When, as in this case, the district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Reasonable jurists would not debate the conclusion that petitioner's petition for a writ of error coram nobis was an unauthorized successive attack on his 1992 and 1999 convictions. Both the caption and body of the petition plainly identify those convictions as the ones under attack. As I noted in the April 29 order, in April 2007, the Court of Appeals for the Seventh Circuit issued an order finding that at that time, petitioner had already filed five habeas petitions challenging his 1992 and 1999 convictions. Baxter v. Smith, No. 07-1925 (7th Cir. Apr. 30, 2007).

The next question is whether petitioner is entitled to proceed in forma pauperis on appeal, which requires the court to find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). I cannot make this finding. In spite of being sanctioned by the court of appeals for filing repeated attacks on his 1992 and 1999 convictions, petitioner persists in doing so. He has not obtained the requisite authorization from the court of appeals and makes no colorable argument why this is not a successive petition. His appeal is not brought in good faith.

Finally, petitioner has filed a motion to amend his petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 instead of a petition for a writ of error coram nobis.

2

This motion will be denied as unnecessary. In the April 29 order, I effectively construed the petition as a being brought under § 2254.

ORDER

IT IS ORDERED:

1. Pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), petitioner's request for a certificate of appealability is DENIED for the reasons stated above. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

3. Petitioner's motion to amend his petition (dkt. 15) is DENIED as unnecessary.

Entered this 29th of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3